UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:15-cr-00135-JAW-1 |
| | ) | |
| FRANK M. LAVWAY | ) | |

**ORDER ON MOTION FOR RELEASE**

Because the Defendant failed to clearly demonstrate that there are exceptional reasons for his release or that he does not pose a risk to others, the Court denies his motion for release pending the imposition of sentence.

**I.    BACKGROUND**

On August 18, 2015, Frank M. Lavway waived his right to indictment by a grand jury and pleaded guilty to an information, charging him with being a felon in possession of a firearm. *Waiver of Indictment* (ECF No. 1); *Information* (ECF No. 2); *Minute Entry* (ECF No. 6). The Court held a bond hearing and released Mr. Lavway on $5,000 unsecured bond. *Minute Entry* (ECF No. 6); *Appearance Bond* (ECF No. 8).

On October 5, 2015, Mr. Lavway moved for voluntary surrender, indicating only that "he now wishes to enter into custody pending sentencing in this matter." *Def.'s Mot. for Voluntary Surrender* (ECF No. 11). The same day, Mr. Lavway moved to enlarge time for the completion of the presentence investigation, stating that his "health and multiple hospitalizations for significant treatment have made him unavailable for attendance at an interview by the assigned officer of the U.S. Probation Office." *Agreed Mot. to Enlarge Time for Presentence Investigation* (ECF No. 9). The Court granted both motions. *Order Granting Unopposed Mot. to Extend*

*Time for Presentence Investigation* (ECF No. 10); *Order Granting Mot. for Voluntary Surrender* (ECF No. 12).

## II. THE POSITIONS OF THE PARTIES

### A. Frank M. Lavway's Position

Nine days after surrendering his bail and voluntarily going into custody, Mr. Lavway changed his mind. On October 14, 2015, Mr. Lavway filed a motion for release from incarceration. *Mot. to Release Def. on Bail* (ECF No. 13). In the motion, Mr. Lavway explained that when he entered custody, he was suffering from "serious, chronic medical conditions" and that he gave the United States Marshal's Service "a container into which had been placed all of the Defendant's prescribed medications in the issued prescription bottles." *Id.* at 1. Mr. Lavway claimed that in the ensuing week of custody, he was "not given his medications as prescribed, resulting in a grave decline in Defendant's medical condition" and that his health became so precarious that he was "transported to a local emergency room." *Id.* He said that there he was "diagnosed as suffering from acute kidney failure as well as other life-threatening, new, acute conditions." *Id.* He was transported to the Central Maine Medical Center in Lewiston, where he was admitted to receive care from the nephrologist on duty. *Id.* Given his experience with jail, Mr. Lavway prefers to be released, suggesting that the Court could impose a bail condition, requiring him to reside with his mother in Presque Isle, Maine and be under the general supervision of his mother and her son, Kendall Lavway of Mapleton, Maine. *Id.* at 1-2.

### B. The Government's Opposition

On October 23, 2015, the Government filed an opposition to the motion for release. *Resp. of United States to Def.'s Mot. for Release on Bail* (ECF No. 14). First, the Government stated that Mr. Lavway "has demonstrated that he cannot comply with conditions of release imposed by the Court involving prohibitions of his use and possession of controlled substances." *Id.* at 1. The Government conceded that Mr. Lavway has endured serious medical conditions for a prolonged period, including opioid dependence and cancer as well as other illnesses. *Id.* However, the Government asserted on information and belief that Mr. Lavway's health has improved since October 14, 2015 as a result of medical treatment. *Id.* at 1-2.

The Government is also concerned about Mr. Lavway's proposed release to the custody of his mother in Presque Isle. *Id.* at 2. According to the Government, U.S. Probation Officer Laflin spoke with Dorothy Lavway, the Defendant's mother, who is 85 years old. *Id.* Ms. Lavway told Officer Laflin that she does not believe that she can observe her son twenty-four hours per day. *Id.* Ms. Lavway also informed Officer Laflin that Kendall Lavway, the Defendant's brother and the other proposed custodian, is himself in poor health and has family problems. *Id.* Noting the absence of a viable third party custodian, the Government objected to Mr. Lavway's release. *Id.*

### III.   DISCUSSION

####    A.   Standards for Release

Under 18 U.S.C. §§ 3141(b) and 3143(a), a judicial officer shall order that a defendant who has been found guilty of an offense and is awaiting imposition of a

3

sentence be detained. There are two exceptions. First, if the applicable guideline range for the defendant does not include prison, a court may release the defendant pending sentence. 18 U.S.C. § 3143(a). Next, for certain enumerated crimes, the statute imposes a higher standard for release: if the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or if the attorney for the Government has recommended no sentence of imprisonment, the judicial officer may release the person pending sentence if the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person and the community. § 3143(a)(2). Neither exception applies here.

Absent these exceptions, the defendant has the burden of proving by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. § 3143(a). There is one other provision that may allow release. Under § 3145(c), a judge may release a person "under appropriate conditions . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Based on *United States v. Weiner*, No. 92-1708, 1992 U.S. App. LEXIS 28794 (1st Cir. July 31, 1992), the Court concludes that if Mr. Lavway met the requirements of § 3145(c), the Court would have the authority to release him pending the imposition of sentence.

Here, the Court concludes that Mr. Lavway has not met the exceptional reasons requirement of § 3145(c). Based on the medical information provided by the Government, the Court is satisfied that, although Mr. Lavway is a complicated patient, he has more recently been receiving proper medical care and his medical

4

condition has stabilized. As the basis for Mr. Lavway's motion for release was the allegation of improper medical care during the first few days of incarceration, if these problems could have justified release, they no longer do.

Mr. Lavway has not addressed the overriding standard: whether he is likely to flee or would pose a danger to others under § 3143(a)(1). Mr. Lavway faces a maximum prison term of ten years,[1] 18 U.S.C. § 922(g)(1), and he has a prior conviction in 2009 for the unlawful furnishing of a scheduled drug, a Class C felony. *Gov't's Proposal of Facts and Version of Offense* at 1 (ECF No. 5). On September 13, 2014, a Maine State Trooper was called to Mr. Lavway's residence, responding to a complaint that he had been assaulted. *Id.* at 2. When the trooper arrived, Mr. Lavway admitted that he had a loaded handgun in his pocket. *Id.* The trooper confirmed that Mr. Lavway was carrying a loaded chrome or stainless steel .22 caliber Derringer pistol. *Id.*

The Court remains concerned about the circumstances surrounding this offense: (1) Mr. Lavway's relatively recent drug trafficking felony, (2) the assault complaint leading to the involvement of the state trooper, (3) his possession of a firearm, (4) that he possessed the firearm in his pocket while speaking with the state trooper, and (5) that the firearm was loaded. These circumstances raise questions about whether Mr. Lavway poses a risk to others. Nor do Mr. Lavway's custody

---

[1] The length of a potential sentence may by itself be an incentive to flee. *United States v. Boulier*, No. 1:13-cr-00132-JAW, 2014 U.S. Dist. LEXIS 143826 (D. Me. Oct. 9, 2014) (denying temporary release to attend father's funeral where defendant faced a prison term of 120 months). At the same time, Mr. Lavway has no history of flight and his medical condition suggests he would be unlikely to do so.

5

proposals alleviate the Court's concerns.  Mr. Lavway's mother has acknowledged that she is unable to monitor his activities and Mr. Lavway's brother does not live in Presque Isle, where the Defendant proposes staying, and his brother has his own family and medical issues.

In short, Frank M. Lavway has failed to clearly demonstrate exceptional circumstances justifying his release under 18 U.S.C. § 3145(c) and has failed to clearly demonstrate that he does not pose a risk to others under 18 U.S.C. § 3143(a).

## IV. CONCLUSION

The Court DENIES the Defendant's Motion to Release Defendant on Bail (ECF No. 13).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2015